

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

**ARTHUR G. LARKIN**
Senior Counsel
Phone: (212) 788-1599
Fax: (212) 788-9776
alarkin@law.nyc.gov

January 9, 2014

**BY ECF**
Hon. Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Gavrity v. City of New York</u>, 12-CV-6004 (KAM) (VMS)

Your Honor:

      We write in opposition to plaintiff's application for sanctions and other relief, filed on Jan. 7, 2014, and in support of our cross-motion for sanctions against Elizabeth Wolstein, personally, and other relief.  Ms. Wolstein's motion is baseless, offensive and appears intended to deflect scrutiny from her own conduct which she chose not to share with the court, but which we summarize below with citations to other portions of the "rough" transcript where necessary (relevant excerpts attached).[1]  The relief she seeks is, for the most part, not authorized by the Federal Rules of Civil Procedure, and her motion should be denied in its entirety.  We respectfully request leave to file this letter which exceeds the court's four page limit, in light of the issues raised by plaintiff's motion.

      Unfortunately, Ms. Wolstein bears substantial responsibility for the disputes that arose at Sgt. Durante's deposition.  She engaged in bullying, rude behavior - the tone of which is not fully captured by the printed record – which required Ms. Wachs to call the undersigned (I am her supervisor), to come to the deposition, and after I arrived her behavior became even worse.  At the very outset, she inappropriately accused Ms. Wachs of coaching the witness "every three minutes" and then purported to instruct Ms. Wachs that she would be "limited" to one break every 45 minutes, even though the Rules include no such arbitrary limitation.  She repeatedly

---

[1] The attached excerpts are designated by the page numbers that appear at the <u>bottom</u> of each page of the "rough" transcript, not the official page numbers which appear in the middle of some pages.

requested the City's counsel to state the basis for simple objections to the form of certain questions, and after we supplied the bases, she complained about purported speaking objections. She repeatedly demanded the witness' home address despite case law clearly holding that a police officer's home address should not be disclosed. She made gratuitous, obnoxious comments both to the undersigned and to Ms. Wachs, some of which are quoted below and reflected in the attached excerpts. And she apparently refuses to provide us with a copy of the deposition transcript, contrary to the practice in this district.

In light of Ms. Wolstein's conduct at the deposition, we request the following affirmative relief:

(1) An order directing her to refrain from colloquy on the record unless it is for the sole purpose of finding out the basis of a form objection so that the question can be rephrased;

(2) An order requiring plaintiff's counsel to pay for the cost of the "final" deposition transcript, incurred by the City solely because we were required to order the "rough" transcript in order to respond to her motion, and as a condition to obtaining the "rough" transcript we had to agree to purchase the final version, as well as an order requiring counsel to provide us with copies of all final deposition transcripts pursuant to Rule 30(e)(1), and consistent with the practice in this district; and

(3) An order pursuant to 28 U.S.C. § 1927, sanctioning Ms. Wolstein personally in the amount of Four Thousand and No/00 ($4,000.00) Dollars, representing thirteen (13) hours invested by the undersigned and three (3) hours invested by Ms. Wachs in preparing and filing this letter (except for the portion concerning the video, set forth below), multiplied by an hourly rate of $250.00, which is the blended rate that Law Department attorneys are typically awarded.[2]

**Plaintiff's Motion Should be Denied in All Respects**

Plaintiff seeks the following relief: (1) monetary sanctions against the undersigned for allegedly improper deposition conduct, (2) an order "barring" the undersigned from attending future depositions, (3) an order directing that the court supervise depositions if the undersigned attends, (4) an order directing defense counsel to "refrain from making baseless and improper objections" to what counsel believes are "proper" deposition questions, and (5) an order requiring the City to reproduce Sgt. Durante at deposition to answer two questions he was instructed not to answer. None of this relief should be granted.

<u>Videos</u>. We concede that plaintiff is correct about one matter. The videos of the incident were produced to Ms. Wachs via E-mail on May 15, 2013, two days before she left for an extended vacation out of the country. We were mistaken in asserting that the videos had not been produced prior to the deposition - an oversight on our part. Because the videos were

---

[2] If the court is inclined to grant the City's motion we will provide further documentation of hours and hourly rates if necessary, in the form of declarations and/or relevant case law establishing an appropriate hourly rate.

produced in advance of the deposition, we bore the responsibility of showing them to our client prior to the deposition, not during the deposition. After we realized that the videos had been produced, moreover, instead of taking a fifteen (15) minute break during the deposition in order to review the videos, we should have first attempted to resolve the matter with plaintiff's counsel in good faith (e.g., requested an opportunity to review the videos at the lunch break and asked counsel to question the officer about the videos after we had reviewed them), and at most, if both sides could not resolve the issue, we could have called the court and asked for a ruling. Our mistake caused the interruption in the deposition, and we accept responsibility for it.

Plaintiff's counsel asserts that the break lasted twenty-four (24) minutes, but she is incorrect as the record shows. The undersigned arrived at the deposition at approximately 11:55 a.m., and at that time the parties were on a break already which had begun at 11:50 a.m. That break lasted until approximately 12:00 noon, and between 12:00 noon and 12:15, we reviewed the videos with our client. The deposition was therefore interrupted for fifteen (15) minutes.

The only relief plaintiff seeks in connection with this brief delay is monetary sanctions, but we submit that in the circumstances here sanctions are unwarranted. Although plaintiff's counsel does not cite any rule or case law authorizing sanctions in these circumstances, it appears that she intended to rely on Rule 30(d)(2). That Rule authorizes an award of sanctions, including attorney's fees, against "a person who impedes, delays or frustrates the fair examination" of a deponent. Fed. R. Civ. P. 30(d)(2). The brief interruption of the deposition - while it should not have happened - did not "frustrate the fair examination" of Sgt. Durante, although it "delay[ed]" the examination for a brief period of time. We submit that the brief delay does not warrant the imposition of financial sanctions in these circumstances. *Compare Meyer Corp. v. Alfay Designs, Inc.*, 10-CV-3647 (CBA) (MDG), 2012 U.S. Dist. LEXIS 113819, *9-11 (E.D.N.Y. Aug. 13, 2012) (denying motion for sanctions pursuant to Rule 30(d)(2) "[n]otwithstanding the many objections made in an improper fashion" at the deposition) (collecting cases); *Sicurelli v. Jeneric/Pentron, Inc.*, 03-CV-4934 (SLT) (KAM), 2005 U.S. Dist. LEXIS 38943, *24-26 (E.D.N.Y. Dec. 30, 2005) (requiring counsel to produce witness for second deposition as sanction, but denying award of attorney's fees) (Matsuomoto, M.J.). Even if the break lasted twenty-four (24) minutes as Ms. Wolstein claims, she is still not entitled to sanctions. *See Meyer, supra*, at *9-11.

Allegedly improper objections. We submit that plaintiff's motion for monetary and other sanctions (e.g., an order barring the undersigned from attending depositions or directing court supervision of depositions), based on purportedly "improper deposition conduct" (DE 37, at page 4), should be denied in its entirety, and that fees and costs should be awarded to the City because the motion was plainly made in bad faith. *See generally* 28 U.S.C. § 1927 (West 2013). Plaintiff fails to cite any Rule or case law that, in the circumstances here, would authorize the court to "bar" the undersigned from future depositions or to incur the expense of supervising depositions attended by the undersigned. As shown below, her motion for an order directing counsel to refrain from "baseless" objections or to compel Sgt. Durante to appear for a second deposition to answer two questions should be denied, as well.

The Rules make clear that "[a]n objection at the time of the examination - whether to evidence, to a party's conduct, … to the manner of taking the deposition, or to any other aspect of the deposition - *must* be noted on the record, but the examination still proceeds; the testimony

is taken subject to any objection." Fed. R. Civ. P. 30(c)(2) (emphasis added). Objections "that under Rule 32(d)(3) might be waived if not made at that time, *i.e.*, objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question," should be made promptly at the deposition so that the opposing party may cure the objection if they choose. *See* Fed. R. Civ. P. 30, Advisory Committee Note, 1993 Amendments, Subdivision (d) [now part of subdivision (c)] (West 2013). Rule 32(d)(3), in turn, provides that objections to "an error or irregularity" that relates to "the manner of taking the deposition, the form of a question or answer, … or other matters that might have been corrected at that time," are waived if not timely made. Fed. R. Civ. P. 32(d)(3)(B). All objections must be stated concisely, in a non-argumentative and non-suggestive manner. Fed. R. Civ. P. 30(c)(2).

At Sgt. Durante's deposition, the objections made by the City complied in full with Rules 30 and 32. Neither Ms. Wachs nor the undersigned engaged in speaking objections, or made any objections other than to the form of questions, <u>except</u> when Ms. Wolstein expressly asked for the basis of an objection (or when privileged matters were raised). All objections except for those based on privilege were stated concisely and the witness was permitted to answer the questions posed. (*See, e.g.*, Q&A reproduced in DE 37, at pages 4-5) The purpose of each objection was to preserve it, in the event plaintiff seeks to use the deposition at trial.

When colloquy occurred, we stated the bases for our objections, and although Ms. Wolstein may disagree with those objections, she chose not to rephrase her questions.[3] She asked the witness, "How many officers were involved in the scuffle that you mentioned?" Ms. Wachs objected to the form and Ms. Wolstein demanded the basis of the objection. The undersigned then stated that the word "involved" was unclear, a perfectly appropriate objection when one is questioning a police officer about any sort of physical interaction with civilians or others.[4] (*See* Rough Tr., at 142-43) Counsel could have rephrased the question by asking, "Who else put his hands on Mr. Gavrity?" or "Did you see any other officer place his hands on Mr. Gavrity?" Those questions would not likely have elicited a form objection, because they are clearer. The word "involved" is ambiguous in the context of Ms. Wolstein's question, which was the reason why the form objection was lodged at that time. As the rough transcript shows, the only reason why the undersigned engaged in colloquy was that Ms. Wolstein requested it. Had she rephrased her question or simply taken the testimony in response to the question, as phrased, there would not have been any colloquy.

---

[3] As discussed *infra*, on a few occasions my co-counsel Ms. Wachs objected and declined to engage Ms. Wolstein in argumentative colloquy, suggesting instead that she continue her questioning. Ms. Wolstein declined to do so, preferring instead to continue the colloquy and at the same time to complain that the City was making "speaking" objections.

[4] On certain occasions, Ms. Wachs stated objections on the record and when Ms. Wolstein, in a bullying tone, demanded to know the basis, the undersigned stated the basis. In general, one attorney should defend depositions and we intend to proceed in that manner going forward, as long as Ms. Wolstein is able to conduct herself professionally.

4

Ms. Wolstein also asked the witness - a sergeant - to state the policy of the NYPD with regard to certain matters. (*See* DE 37, at page 4 (asserting that counsel asked "entirely proper questions concerning … the Police Department policies and practices that govern the conduct at issue in this action")) My co-counsel Ms. Wachs objected to many of these questions concisely, in a non-suggestive manner. In response to one such objection, Ms. Wolstein inexplicably stated, gratuitously and in an argumentative tone: "I'm going to note the improper objections and the disruptive nature and request that they stop." The undersigned then stated - for the second time at the deposition - that "the witness is not a [Rule] 30(b)(6) [witness] to testify about the policy. He can testify to his understanding" of what the policy is. (*See* Rough Tr., at 194-96) The undersigned's prior explanation - also given in response to a request by Ms. Wolstein - appears in the Rough Tr., at 189-90 ("This isn't a [Rule] 30(b)(6) witness. He can testify about his understanding" of policy). I explained the basis for the objection in response to Ms. Wolstein's gratuitous remark about purported "disruptive" objections, and she could have simply rephrased her questions to ask the witness' understanding of policy, practice or procedure which would not have elicited an objection.

Because I had offered up the same explanation once already at the deposition, and because Ms. Wolstein's comments were rude and unprofessional, I also told her that "if you formulate your questions properly, we wouldn't object. Since you seem to have difficulty doing that, we need to make those objections on the record." (Rough Tr., at 195) Rather than rephrase her question in a way that would have gotten her the same information without an objection from counsel, Ms. Wolstein chose to bully my co-counsel by stating that she made an "improper" objection and that she was "disruptive" - accusations that are demonstrably false. She also responded to our explanation for the basis of the objections - which we stated at her specific request - by demanding that the undersigned "stop your personal insults now, or [you] (sic) can leave." She complained that we were engaging in "outrageously improper conduct" by answering her inquiries about the basis of our objections, and condescendingly added that "we have a very clear record that is going to be very satisfactory to make our sanctions [motion] against you personally for improper deposition conduct." (Rough Tr., at 196)

The objections to questions about NYPD "policy" or procedure were proper, and the testimony was taken subject to those objections. Plaintiff was free to ask the witness what his "understanding" of policy was, in which case there would have been no objection. As the record now stands, counsel refused to rephrase her question and our objection is preserved. The witness of course answered every question concerning policies, practices or procedures, to the best of his ability. Counsel's taking the deposition was not frustrated or delayed in any way, and no sanction should be issued. *See* Fed. R. Civ. P. 30(d)(2).

Our review of the rough transcript demonstrates that on at least seven (7) separate occasions, Ms. Wolstein demanded the basis of an objection and then complained when colloquy followed. (Rough Tr., at 7-9, 71-73 (after the witness answered, counsel states, "What on earth could be the basis of [that] objection?" prompting colloquy), 142-44 (after demanding the basis for an objection, counsel complains that the undersigned made a "speaking objection"), 164-66 (after the witness answers, counsel again demands an explanation of the basis for an objection), 189-90 (counsel interrupts the witness to demand the basis of an objection), 194-96 (described above), 205-6 (counsel asks the witness "who would know" whether the NYPD investigated the incident, and complained when a form objection was made; witness was permitted to answer).

Had Ms. Wolstein not demanded the bases of these objections and taken the testimony, or had she rephrased her questions, the deposition would have been completed with far less effort in a much shorter time. Her conduct - not that of the City's attorneys - prolonged the deposition unnecessarily. No relief with regard to the foregoing objections is warranted.

On a few occasions, Ms. Wachs chose not to engage Ms. Wolstein in argument on the record about the bases of her objections even though Ms. Wolstein demanded the basis (*e.g.*, Rough Tr., at 7-9, 71-73). To the extent Ms. Wolstein now complains about this purported omission, she bears most of the responsibility for it due to her offensive behavior, which poisoned the atmosphere at the deposition and made productive communication difficult. After the very first questions of the deposition, asked by the court reporter, seeking the witness' name and address, Ms. Wolstein scolded Ms. Wachs for directing the witness not to give his home address, telling her, "I would ask counsel not to instruct the witness not to answer questions, although that was the court reporter's question - it's not appropriate …. Or directing the witness how to answer questions." (Rough Tr., at page 3)

Shortly thereafter Ms. Wolstein attempted to bully Ms. Wachs into agreeing not to confer with the witness during the deposition except when Ms. Wolstein approved of the conferral. After Ms. Wachs conferred very briefly with the witness (literally a few seconds), Ms. Wolstein purported to demand the witness to disclose what she said to him, a plainly improper question that Ms. Wachs directed the witness not to answer. (Rough Tr., at 22 ("What did your counsel just give you an instruction about how to answer questions? You can answer yes or no.")) On a second occasion not long after that, Ms. Wachs requested to speak with the witness very briefly, at which point Ms. Wolstein began a rude tirade, stating, "I would rather you not consult with the witness after every other question …. I don't want to be taking breaks every three minutes so that you can coach the witness on answering …. We don't interrupt depositions every three minutes for you to consult with your witness …. You coach your witness …. We're not going to conduct the deposition with you leaning over and talking to him after every few questions …. We're going to be limited to one break every 45 minutes …. If it's an abusive situation that's what we're going to do." (Rough Tr., at 27-32)

Nowhere do the Rules state that attorneys may only confer with their clients once every 45 minutes. And the Local Rules provide that attorneys and clients may confer during depositions except when a question is pending. *See* Local Civil Rule 30.4. Ms. Wolstein does not contend that any conferral took place while a question was pending, because none did and the record bears out this fact. But her conduct so early in the deposition set a tone that, as noted above, made productive communication difficult. Unfortunately, she must bear substantial responsibility for the acrimonious tone of the deposition.

Plaintiff also seeks an order directing the witness to appear a second time to answer two questions that he was instructed not to answer. Plaintiff's motion should be denied. The first disputed question sought the officer's home address - counsel asked the question multiple times and my co-counsel, Ms. Wachs, objected and provided specific case authorities supporting our position. Ms. Wolstein continues to insist on obtaining the officer's home address. The courts generally agree, however, that an officer's home address should not be turned over in discovery. *E.g., Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (police officer's "home address is protected by the official information privilege because [the officer's] interests in

6

privacy and safety outweigh the plaintiff's interest in this specific and narrow piece of information …. "[P]olice officers play a significant role in law enforcement that may subject them danger, and they have a justifiable fear that disclosing their home addresses could jeopardize their safety") (citation omitted) (Koeltl, J.).

The second disputed question was, "Did you discuss the videos with your counsel?" and was posed after the witness came back to the conference room at approximately 12:15, after reviewing the videos. (Rough Tr., at 141-42) We directed the witness not to answer on the grounds of privilege. We did, however, allow the witness to answer the question whether he watched the videos during the break. (*See id.*) Facts are generally not privileged but communications between attorney and client about those facts are privileged. As one court aptly stated:

> The protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, "What did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Allen v. West Point-Pepperell, Inc.*, 848 F. Supp. 423, 427 (S.D.N.Y. 1994) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 395-6 (1981)). Counsel's question went beyond facts and sought the content of communications between the witness and his counsel, and for this reason the instruction not to answer was proper.

For the foregoing reasons, all of the relief requested by plaintiff's counsel, Elizabeth Wolstein, should be denied.

**Defendants' Cross-Motion Should be Granted**

We submit that the court should direct plaintiff's counsel not to engage in colloquy with defense counsel unless it is for the purpose of ascertaining the basis for an objection so that the question can be rephrased, and for no other purpose. As noted above, we made objections to questions solely to preserve them, and to give counsel an opportunity to rephrase if she wished. We explained specifically on more than one occasion the reason why we objected and the manner in which counsel could re-formulate the question so as not to elicit a form objection. (*See, e.g.,* Rough Tr., at 189-90, 194-96) Instead, counsel became abusive and condescending, declaring that the City's attorneys were purportedly "obstructive" or "disruptive." We submit that at future depositions, counsel should either attempt to rephrase her question or else take the testimony subject to the objection, and move on with her questioning. *See generally* Fed. R. Civ. P. 30, 32. Abusive, offensive colloquy is inappropriate and should not continue. (*See also* Rough Tr., at 166 ("I would like you to be quiet"), 195-96 ("You can stop your personal insults now or you can leave"))

We also request that plaintiff's counsel be directed to (i) reimburse the City for the costs of obtaining the final version of Sgt. Durante's deposition, and (ii) provide to the City's attorneys copies of all transcripts of future depositions plaintiff takes in this lawsuit. (We will of course do the same.) The costs for the final version of Sgt. Durante's deposition were incurred solely

because we had to order the "rough" version at our expense (made necessary by plaintiff's baseless motion), and as a condition to ordering the "rough" copy we had to place an order for the final copy as well. Normally, the party taking the deposition would provide a copy to the witness and his counsel, particularly if counsel specifically requested a copy for review pursuant to Rule 30(e)(1). We made such a request on this occasion (Rough Tr., at 314-15), but plaintiff's counsel has stated that she will only allow us to <u>review</u> the original instead of providing us with a copy for our files. Plaintiff's position is contrary to the practice in this district, which I have followed in every case I have litigated for the past twenty-five (25) years. We submit that the usual practice should be followed here.

Finally, we request an award of attorney's fees, to be paid by Ms. Wolstein personally, as a result of our having to file opposition to a largely baseless motion that sought very little substantive relief, and primarily sought purported "sanctions." As the record makes clear, every dispute at the deposition - with the exception of that concerning the three short videos - arose because Ms. Wolstein behaved in an obnoxious, unprofessional manner toward my colleague Ms. Wachs, in an apparent attempt to intimidate her, and behaved the same way toward me as well. Her motion for sanctions fails to cite any Rules or case law that would warrant the relief she seeks. To the extent plaintiff's motion is based on Rule 30(d)(2), it should plainly be denied as Ms. Wolstein cannot come close to showing that defense counsel's conduct frustrated or impeded the deposition at all; nor can she show any delay beyond the fifteen (15) minutes (or at most, twenty-four (24) minutes) occasioned by the witness' viewing the videos, but that short delay does not warrant sanctions. *See Meyer, supra*, at *9-11 (collecting cases). Even a cursory review of the relevant case law would have informed her of these basic rules. Similarly, she failed to review, or fails to understand, how Rules 30 and 32 fit together, and why it is necessary to state objections to questions at depositions in order to preserve them. Her failure to cite those Rules in her motion reflects utter carelessness or bad faith.

In these circumstances, we submit that an award to the City of attorney's fees and the costs of Sgt. Durante's final deposition transcript is proper. The court has authority to grant such relief pursuant to 28 U.S.C. § 1927, which provides: "Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." As the Second Circuit has recognized, "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.3d 1265, 1273 (2d Cir. 1986), *cert. denied sub nom County of Suffolk v. Graseck*, 480 U.S. 918 (1987) (citation omitted); *see also Tedeschi v. Smith Barney Harris Upham & Co*., 579 F. Supp. 657, 661 (S.D.N.Y. 1984) ("under section 1927 of Title 28, the thrust of which is to curb dilatory practices and the abuse of court processes by attorneys, it is the lawyer who is personally taxed with the excess costs, expenses and attorneys' fees reasonably incurred where the lawyer 'unreasonably and vexatiously' multiplies the proceedings") (citations and internal quotes omitted) (Weinfeld, J.).

Plaintiff's counsel's motion fails to cite any authorities in support of the relief she seeks - no rule, statute or case law is provided to the court. She fails to provide case law that would support her application for an order "barring" the undersigned from attending depositions, or requiring the court to supervise depositions, in the circumstances here. Her motion to compel the

witness to appear for a second deposition to answer just two questions is likewise unsupported; even if the court were to agree that answers to those questions should be provided, a sworn declaration with the answers would be sufficient. Her motion fails to advise the court of her own responsibility for the disputes that arose at the deposition, a telling omission. Essentially her motion seeks an award of fees for making a baseless motion - a plain abuse of this court's and our time. In these circumstances, we submit that the motion was made in bad faith and was intended to "multipl[y] the proceedings" unreasonably, warranting an award of fees under Section 1927. *See Teleschi*, 570 F. Supp. at 662-3 (granting sanctions under Section 1927, where the court found that "this action, from beginning to end, was simply for the sake of burdening an opponent with unnecessary expenditures of time and effort and clearly warrants recompense for the outlays attributable thereto") (citations and internal quotes omitted).

One final matter bears emphasis. Plaintiff's counsel led the court to believe that they could not produce to the City the "rough" copy of the deposition transcript because to do so would violate their contract with their court reporters. (DE 1/8/14 [no document attached] ("Based on the information provided to the Court by Plaintiff's counsel, it would breach their contractual arrangement with the reporting service to provide the 'premium' transcript to Defendants' counsel at this stage of the proceeding")) The source of the court's information appears to have been the first page of the "rough" transcript which states that "the party working with … rough Draft transcripts … agree[s] not to share give, copy, scan, fax or in any way distribute this real time rough draft in any form … to any party." Only the law firm's "own experts, co-counsel and staff may have limited *internal* use of same …." (DE 37, Exh. A, page 1; emphasis added)[5] But despite this language, Ms. Wolstein filed <u>excerpts</u> of the "rough" draft on the ECF docket thereby ensuring that those excerpts would be made public and would be provided directly to this office. Her conduct demonstrates that she and her co-counsel apparently use the restrictive contractual provisions to withhold the "rough" draft from adversaries when it suits them, but disregard those provisions when it suits other purposes. Ms. Wolstein's behavior in this regard, as in many others, is disingenuous and embarrassing to the profession. The court should address this behavior in an appropriate manner.

                                                Respectfully submitted,

                                                /s/
                                              Arthur G. Larkin (AL 9059)
                                              Assistant Corporation Counsel

AGL/m
Attachments
cc:    All Counsel (by ECF) (with attachments)

---

[5] Plaintiff has not produced to the court or the undersigned a copy of her firm's contract with the court reporter, if one exists.