# SCHLAM STONE & DOLAN LLP

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
MICHAEL A. BATTLE
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
DAVID J. KATZ
JONATHAN MAZER
ERIK S. GROOTHUIS
ROBERT L. BEGLEITER
ELIZABETH WOLSTEIN

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400

TELECOPIER: (212) 344-7677

www.schlamstone.com

PETER R. SCHLAM (1944-2005)
OF COUNSEL
RONALD G. RUSSO
MARY W. ANDERSON
HILLARY S. ZILZ
BRADLEY J. NASH
VITALI S. ROSENFELD

NIALL D. O'MURCHADHA
ANDREW S. HARRIS
SAMUEL L. BUTT
RAFFI MELKONIAN

January 10, 2014

**By ECF**
The Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Vincenzo Gavrity v. City of New York, et al.*, 12-CV-6004 (KAM) (VMS)

Dear Judge Scanlon:

    We write respectfully in response to the January 9, 2014 "cross-motion" for sanctions against the undersigned, a purely tactical motion devoid of any basis, and which seeks to defend against our motion by asking the Court to draw a false equivalence between the parties' deposition conduct, or throw up its hands at a state of mutual incivility. We will not dignify the ad hominem smears and name-calling, except to observe that it underscores the unrestrained nature of Mr. Larkin's conduct and need to establish clear rules for future depositions. We also ask that the Court read the entirety of the deposition excerpts provided, due to the misleading use of ellipses and partial quotations in Mr. Larkin's letter and false characterizations about the purported tone of statements that on their face reveal entirely appropriate efforts to elicit the basis for an objection or put a stop to baseless objections and improper conduct to which Mr. Larkin now admits. The cross-motion should be denied and Plaintiff awarded his costs and fees in opposing the motion.

**Admission Of Improper Deposition Conduct In Interrupting The Deposition To Conduct Witness Preparation Concerning Evidence Produced Eight Months Ago Highlights The Purely Tactical Nature Of Defendants' Cross-Motion**

    First, Mr. Larkin's letter admits that he improperly interrupted and delayed the January 6 deposition based on his false accusation that we had failed to produce a video that we proved, within two minutes of his outburst, we had produced eight months ago—thereby admitting the merit of the central reason we made our motion. Nothing could more eloquently expose the hollow core of the sanctions cross-motion than this full and complete admission, since the cross-

motion is premised on us having supposedly brought a "baseless motion." Larkin Ltr. at 9. That alone justifies both a grant of our motion for sanctions and a denial of defendants' motion.

**Admission Of Improper Double Teaming Highlights The Purely Tactical Nature Of Defendants' Cross-Motion**

Mr. Larkin again confirms the merit of our motion and purely tactical nature of defendants' in admitting that it was improper to have two lawyers making objections at and defending Monday's deposition. He tells the Court they won't do it again. Larkin Ltr. at 4 n.4. As with his now admittedly improper conduct surrounding the video, this admission comes only after we brought the issue to the Court's attention; it did not work for me to ask him at the deposition to cease the double teaming:

> MS. WOLSTEIN: I ask that we have one person making objections. You're going to take over, that's fine, but we'll have one person doing it. Is that what your intentions are, Mr. Larkin, defending the deposition.
>
> MR. LARKIN: We'll see.
>
> MS. WOLSTEIN: We ask that you have one person making objections.

(Rough Tr. 85:6-13).[1] After this request the double teaming continued until Mr. Larkin left the deposition at the lunch break.

**The Questioner's Effort To Control Disruptions From Repeated Conferences Within Minutes Of Each Other Is Not A Basis For Sanctions**

Defendants' other purported basis for sanctions is equally devoid of any legitimate basis. "A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2011 WL 4526141, at *7 (S.D.N.Y. Sept. 21, 2011) (internal quotation marks omitted). Defense counsel is not entitled to mediate between the two. In the first 10 minutes of the deposition, Ms. Wachs leaned over twice to consult with the deponent, disrupting—in my estimation as the deposing lawyer—the flow of questions. I had no reason to think it would stop absent my intervention. Nothing prevents the questioning lawyer from setting reasonable ground rules to facilitate the "conversation" and minimize disruptions. Local Civil Rule 30.4, for example, prohibiting a lawyer from initiating a conference with the deponent while a question is pending, sets a floor, not a ceiling as defendants suggest, stating expressly that its "minimum standard" "does not intend any negative implication that other types of obstructive conduct during depositions may not be dealt with by appropriate orders of the Court." Although defendants elide my full statements because they do not support defendants' arguments, the transcript shows that I made clear I was not seeking to prevent consultations, but rather to reasonably limit their disruptive nature, and that by the end of the colloquy Ms. Wachs took an 18 minute break to fully and

---

[1] The cited transcript excerpts are included in Exhibit A hereto, in ascending page order.

freely consult with the deponent—after the deposition had been going a mere 20 minutes. (Rough Tr. 16:1-19:20).

**The Questioner's Effort To Curb Disruptive And Improper Objections Is Not A Basis For Sanctions**

Finally, defendants' effort to twist my attempt to stop continuous improper objections into a basis for sanctions is equally illegitimate and rests on a post-hoc rewriting of the deposition record. As the sample excerpts in our moving letter show, Ms. Wachs' continuous "Objection, you can answer" were not form objections, and she never once said they were when asked the basis. The single time Ms. Wachs responded to my request for the basis of an improper objection revealed not a form objection, but one based on the notion that the witness could not be asked a question he might not know the answer to. *See* Mov. Ltr. at 5. The continuous nature of this kind of baseless objection can serve only to signal improperly to the deponent. Accordingly, there was nothing wrong with trying to stop it.

It was also appropriate to try and stop Mr. Larkin's interruptions about the purported vagueness of words I used in questions, such as "scuffle" and "vouchering," which the deponent had used in his testimony before Mr. Larkin entered the deposition room. Mr. Larkin's posturing over purportedly vague words was inappropriate because what matters is whether the witness understands the question, not whether counsel does. *See Abu Dhabi Commercial Bank*, 2011 WL 4526141, at *7 ("It is the witness—not the lawyer—who is the witness."). The deponent and I agreed at the outset that if he did not understand a question he would tell me. (Rough Tr. 2:22-3:9). Mr. Larkin's interruptions thus served no purpose other than disruption or signaling to the witness how to answer.

We ask the Court to see through defendants' well-worn litigation tactic. *See Morales v. Zondo, Inc.*, 204 F.R.D. 50, 57 (S.D.N.Y. 2001) ("Nelson's assertions that his behavior was provoked by Diederich's own misconduct, and that the two sides are equally to blame for the delays in the deposition, are without merit."). Defendants' cross-motion for sanctions should be denied and Plaintiff awarded the fees and costs associated with responding to the motion, together with the other sanctions we have requested or that the court deems appropriate. *See e.g., Briese Lichttechnik Vertriebs GMBH v. Langton*, 2011 WL 280815, at *8 (S.D.N.Y. Jan. 10, 2011) ("[A]n equivalent array of weaponry is available [as is available under the Federal Rules] when the court exercises its inherent powers to control the discovery process.").

We are available for an in-person conference today at the scheduled time should the Court find that convenient for addressing these motions.

Respectfully submitted,
s/

Elizabeth Wolstein

Cc: Melissa Wachs, Esq. (by ECF)
Arthur Larkin, Esq. (by ECF)