UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VINCENZO GAVRITY,

*Plaintiff,*

- against -

THE CITY OF NEW YORK, *et al.*

*Defendants.*

12 Civ. 6004 (KAM) (VMS)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO ENFORCE THE TERMS OF THE PARTIES' RULE 68 SETTLEMENT,
INCLUDING COSTS AND FEES**

SCHLAM STONE & DOLAN LLP
Elizabeth Wolstein
Vitali S. Rosenfeld
26 Broadway
New York, New York 10004
Telephone No.: (212) 344-5400
E-Mail: ewolstein@schlamstone.com
E-Mail: vrosenfeld@schlamstone.com

*Attorneys for Plaintiff
Vincenzo Gavrity*

Pursuant to the Court's March 25, 2015 Scheduling Order, Plaintiff Vincenzo Gavrity respectfully submits this Memorandum of Law, together with the Declaration of Vitali S. Rosenfeld ("Rosenfeld Decl."), in support of his motion for costs and fees under Fed. R. Civ. P. 68 and 42 U.S.C. § 1988, and otherwise to enforce the parties' Rule 68 settlement.

## PRELIMINARY STATEMENT

Plaintiff Vincenzo Gavrity was 19 when he was brutally attacked and beaten by a group of NYPD officers while he was awaiting the late-night release of a popular brand of sneakers at the Staten Island Mall on December 22, 2011. In this action, he sought redress for the physical and psychological injuries he sustained that night by asserting claims against the individual officers under 42 U.S.C. § 1983 for excessive force; false arrest; inadequate medical care; failure to intervene; and supervisory liability; and common law claims against Defendants including the NYPD and the City of New York for negligent hiring, training and supervision; assault; battery; false arrest/false imprisonment; and conversion of property.

Following two years of litigation, with fact discovery practically completed and expert discovery underway, in December 2014, Plaintiff accepted Defendants' Rule 68 offer of judgment in the amount of $30,001, "plus reasonable attorneys' fees, expenses and costs" up to December 26, 2013. There is no question that Plaintiff is entitled to such fees, expenses and costs under the terms of the parties' Rule 68 settlement – and more generally, as a prevailing party under 42 U.S.C. § 1988. The only issue that remains in dispute is the reasonable amount of such "fees, expenses and costs" – and that is the subject of this motion.

The factual and procedural background of this motion is discussed in the Rosenfeld Declaration. Briefly, we have presented Defendants with detailed bills specifying the fees and costs incurred up to December 26, 2013, in the total amount of $232,536.08. *See* Rosenfeld

Decl. ¶ 16 and Ex. D. Defendants' response was delay followed by unreasonable offers to settle the fees and costs for a fraction of the documented amount. *See* Rosenfeld Decl. ¶ 17. Defendants: (a) did <u>not</u> dispute the amount of hours we put into the matter; (b) did <u>not</u> dispute our documented amount of costs, which totaled $ 24,994.08; and (c) did <u>not</u> offer any reasoning behind their $40,000 offer, beyond a suggestion that the amount should be proportional to the amount of damages – which, as discussed below, is not the law. *See id*. ¶ 18. Likewise wrong as a matter of law are Defendants' other positions with regard to recoverability of legal fees. The attempts to meet and confer, and even a settlement conference with the Court, did not materially change Defendants' positions, making this motion a necessity. *See id*. ¶¶ 18-23.

## **ARGUMENT**

### I. **PLAINTIFF IS ENTITLED TO RECOVER THE LEGAL FEES AND OTHER COSTS IN THE FULL AMOUNT AS DOCUMENTED**

#### A. **There Is No Requirement of Fee Proportionality to the Amount of Damages**

Defendants' argument that Plaintiff's recovery of attorney's fees is limited to an amount "proportional" to the amount of damages has been definitively rejected by the courts, including specifically in § 1983 civil rights cases. *See City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) ("In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under § 1988 be proportionate to the damages recovered, we decline to adopt such a rule ourselves."); *Barbour v. City of White Plains*, 700 F.3d 631, 634-35 (2d Cir. 2012) (The Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation."); *Barrella v. Vill. of Freeport*, 2014 WL 4273339, *52 (E.D.N.Y. Oct. 29, 2014) (Spatt J.) ("there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of damages"); *Barbour v. City of White Plains,* 2013 WL 5526234, at *4 (S.D.N.Y. Oct. 7, 2013)

("Disproportionality" is not "a factor that may be considered in reducing fee applications"); *Vazquez v. Ranieri Cheese Corp.,* 07 Civ. 464, 2011 WL 554695, at *4 (E.D.N.Y. Feb. 7, 2011) (Vitaliano, J.) ("courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery.").

Especially instructive is the Second Circuit's decision in *Barbour*: there, just as here, the plaintiff accepted a Rule 68 offer of $30,000 to settle his excessive force claim, and the Court of Appeals affirmed an award of attorney's fees and costs totaling $290,997.94. *See id.*, 700 F.3d at 633. *See also Lunday v. City of Albany,* 42 F.3d 131, 135 (2d Cir.1994) (affirming an award of attorneys' fees and expenses totaling $118,912.08 even though the plaintiff "did not prevail on all of his claims against all the defendants" and was "awarded $35,000 in compensatory and punitive damages" against one defendant that "fell short of the $7,130,000" the plaintiff had originally demanded); *Hargroves v. City of New York*, 2014 WL 1271039, at *1 (E.D.N.Y. Mar. 26, 2014) (Mauskopf, J., affirming the Report and Recommendation by Scanlon J., awarding over $300,000 in fees and costs in an excessive force case, even though one plaintiff's recovery under the accepted Rule 68 offer was $50,000); *Medina v. Donaldson,* 2015 WL 77430, at *1 (E.D.N.Y. Jan. 6, 2015) (Scanlon, J.) (awarding over $100,000 in fees and costs where the damages award totaled $21,000).

Just as in the above cases, Plaintiff here is the prevailing party entitled to his reasonable fees and costs. Indeed, the Rule 68 offer that Plaintiff accepted expressly included "reasonable attorneys' fees, expenses and costs" up to December 26, 2013. The Defendants' Rule 68 offer did not limit the amount of such fees and costs to any specific number and did not state that it should be proportional to the $30,001 in damages stated in the same offer. Accordingly, Defendants should be held to the deal they made and pay the full amount of Plaintiff's

reasonable fees and costs. Under the above authorities, proportionality is not a factor in determining what fee is reasonable. Instead, "a reasonable attorney's fee in a federal civil rights action" is determined using the "lodestar" approach – *i.e.* "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Hargroves*, 2014 WL 1271039, at *3 (citations omitted).

### B. The Documented Attorneys' Time Is Not Excessive or Redundant

Defendants allege that we spent "excessive" amount of time on various tasks – citing, as one example, researching and drafting the complaint totaling $17,487.50 (which stands for about 37 work hours). There is nothing excessive about that. *See, e.g., Ognibene v. Parkes,* 2014 WL 3610947, at *3 (S.D.N.Y. July 22, 2014) (finding "174.8 hours on tasks related to complaint drafting and filing" in a civil rights case to be "reasonable" and awarding "fees for all of the hours requested for the pleading phase of the litigation, totaling $60,155.50"); *Barbour,* 2013 WL 5526234, at *3 (rejecting defendants' argument about allegedly "excessive, redundant or otherwise unnecessary hours"); *Hargroves,* 2014 WL 1271039, at *6 (time spent on motion practice and on conferences between co-counsel "was not unreasonable or excessive").

Notably, in this case the amount of attorney hours spent was dramatically increased due to Defendants' uncooperative and often recalcitrant conduct, which necessitated extensive motion practice at each procedural juncture – including not only the recurrent need to compel discovery but also such normally non-controversial issues as identification of individuals involved in the relevant events and the terms of a confidentiality stipulation. *See* Rosenfeld Aff. ¶¶ 28-34. As the United States Supreme Court expressly stated, "[i]f the litigation is unnecessarily prolonged by the bad-faith conduct of the defendants . . . then the purpose of

Congress in authorizing attorney's fees under § 1988 should allow a larger award of attorney's fees than would be 'reasonable'" otherwise. *City of Riverside*, 477 U.S. at 594.

C.  **All Documented Attorneys' Time Here Relates to Plaintiff's Federal Claims**

Defendants argue that a significant portion of the fees in this case is attributable to Plaintiff's state law claims rather than his federal claims. However, "consistent with the interrelated nature of the factual and legal issues in both this case and the underlying state cases, the claims, defenses, and strategies in this case were closely intertwined." *Hargroves,* 2014 WL 1271039, at *5. *See also Barrella,* 2014 WL 4273339, at *52 (where "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories[,] [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.") (*citing Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)); *Tucker v. City of New York,* 704 F.Supp.2d 347, 358 (S.D.N.Y.2010) ("[I]f a plaintiff prevails on a claim that generates a fee award, he may recover for work done on other claims if they were substantially related to the claim on which he prevailed.").

Here, Plaintiff's central claim was for excessive force under § 1983 – alleging that, as shown on the contemporaneous video, he was severely beaten up by several police officers. That was what the discovery in this case was all about. The common law claims of assault, battery, and others certainly arose from the same "common core of facts" and were "based on related legal theories." Accordingly, our time was indeed "devoted . . . to the litigation as a whole" and should count as attributable to Plaintiff's federal claims. *See* Rosenfeld Aff. ¶ 26. That includes the time spent on preparing the notice of claim and Plaintiff's 50-H hearing. For instance, in *Tucker*, which was also an action against the City and individual police officers alleging § 1983 claims for excessive force and false arrest as well as various state law claims, the court held that

plaintiff was entitled to recover fees for his attorneys' work with respect to the statutory notice of claim process, although he was not the prevailing party on state law claims:

> In short, we view the work done in state court and at the 50–h hearing to preserve plaintiff's state-law claims as reasonably calculated to improve the prospects for his federal claims, at least by way of a future settlement. That finding in itself suffices to justify awarding plaintiff reasonable fees for that effort.

704 F. Supp. 2d at 358 (citing authorities); *accord Stanczyk v. City of New York*, 990 F. Supp. 2d 242, 251 (E.D.N.Y. 2013), *aff'd,* 752 F.3d 273 (2d Cir. 2014) (awarding attorney's fees for the time spent, *inter alia*, on "state-law claims [that] were based upon the same events giving rise to [plaintiff's] federal claims.")

### D.  Schlam Stone's Hourly Rates Are Reasonable

Defendants complain of this firm's hourly rates of $550, $475 and $450 as too high in the context of a § 1983 case. Authorities counsel, however, that such rates are "reasonable and within the range of fees paid to civil rights attorneys of similar skill and experience" in New York City. *Barbour*, 2013 WL 5526234, at *2 (approving hourly rates of $625 and $450); *Ognibene,* 2014 WL 3610947, at *3 (accepting the rates of $575 and $525 and as "reasonable" in a civil rights case). Although average rates adopted in this District may be somewhat lower than in the Southern District, this firm's rates are still reasonable considering the experience and skills of its attorneys. *See, e.g., United States v. City of New York,* 2013 WL 5542459, at *8 (E.D.N.Y. Aug. 30, 2013) (Garaufis, J.) (applying hourly rates of $550 and $450); *Manzo v. Sovereign Motor Cars, Ltd.,* 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010) (Gleeson, J.) (adopting an hourly rate of $480); *Libaire v. Kaplan,* 2011 WL 7114006, at *4 (E.D.N.Y. June 17, 2011) (Boyle, J.) (applying rates of $475 and $450); *Rodriguez v. Pressler & Pressler, L.L.P.,* 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (Cogan, J.) (modifying report and recommendation

to raise the hourly rate to $450). Here, the specialized knowledge and litigation experience of Schlam Stone's attorneys justifies their hourly rates. *See* Rosenfeld Aff. ¶¶ 37-41.

E. **Plaintiff Is Entitled to Fees for Attorney Work Aimed at Recovering the Fees**

Defendants have taken a position that the fees attributable to the fee application itself are not recoverable in § 1983 cases. They are mistaken. *See Barbour,* 2013 WL 5526234, at *11 (awarding plaintiffs "a total of $105,898.10 as attorney's fees and costs as prevailing parties on appeal and post judgment interest" where the defendants' appeal related solely to the amount of attorney fees and costs awarded below); *id.* at *2 (noting that the original fee award in that case had included fees "for work performed in preparing the motion for attorney's fees itself and subsequent reply papers"); *Ognibene*, 2014 WL 3610947, at *4 (awarding "fees for an additional 88.6 hours, totaling $29,216.50, for time expended in pursuit of this fee award motion" because "[a] prevailing party has the right to recover reasonable attorneys' fees and expenses incurred in preparing a successful motion for attorneys' fees") (citing authorities).

Here, even though Plaintiff has provided Defendants with detailed invoices and other contemporaneous records demonstrating the fees and costs incurred, and although Plaintiff was willing to entertain discussion of specific reductions and attempted in good faith to resolve the fee dispute without further motion practice, Defendants have taken unreasonable positions that have left Plaintiff absolutely no choice but to pursue this fee application with the Court. *See* Rosenfeld Aff. ¶¶ 17-22. Accordingly, in addition to the fees and costs originally incurred by Plaintiff (documented in Rosenfeld Aff. Ex. D), Defendants should also be required to pay the attorney's fees and costs associated with Plaintiff's efforts to recover his original fees and costs, including those associated with this motion. *See* Rosenfeld Aff. ¶ 46 and Ex. G (documenting such fees already incurred). We intend to provide documentation of further fees on reply.

7

## II. DEFENDANTS SHOULD BE ORDERED TO PAY PLAINTIFF HIS DAMAGES

Apart from the issue of costs and fees, Defendants have failed to pay Plaintiff the damages in the amount of $30,001, which they indisputably owe him under the parties' Rule 68 settlement. *See* Rosenfeld Aff. Ex. A-C. We have repeatedly asked Defendants whether they would agree to pay this amount to Plaintiff without waiting for the resolution of this motion, but have not received any definitive answer. *See* Rosenfeld Aff. ¶ 47. Since there can be no dispute concerning this amount, Defendants should be ordered to pay it forthwith.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and order Defendants to: (a) pay Plaintiff the amount of $30,001 forthwith; and (b) pay the full amount of Plaintiff's costs and attorney's fees sought in this motion.

Dated: New York, New York
April 9, 2015

*Respectfully submitted,*
**SCHLAM STONE & DOLAN LLP**

By:  /s/ V. Rosenfeld
Elizabeth Wolstein
Vitali S. Rosenfeld
26 Broadway
New York, New York 10004
Telephone No.: (212) 344-5400
E-Mail: ewolstein@schlamstone.com
E-Mail: vrosenfeld@schlamstone.com
*Attorneys for Plaintiff Vincenzo Gavrity*